# NO. 24-2836

## IN THE UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

DIANA THEODORE,

Plaintiff–Appellant,

v.

AMERICAN EXPRESS NATIONAL BANK,

Defendant–Appellee.

Appeal from the United States District Court
for the Northern District of California
District Court Case No. 3:23-cv-3710
The Hon. Araceli Martínez-Olguín

**MOTION OF DEFENDANT–APPELLEE AMERICAN EXPRESS NATIONAL BANK TO STAY AND FOR REMAND**

STEPTOE LLP
JULIA B. STRICKLAND
DAVID W. MOON
2029 Century Park East, Suite 1800
Los Angeles, California 90067
(213) 439-9400

Attorneys for Defendant–Appellee
AMERICAN EXPESS NATIONAL BANK

35719323.v1

## MOTION TO STAY AND FOR REMAND

Defendant-appellee American Express National Bank ("American Express") respectfully moves to stay this appeal and to remand to the district court for the purpose of ruling on the motion to stay filed by American Express in the district court on July 17, 2024. (See ECF No. 48.) Alternatively, American Express requests that the Court stay this appeal pending the district court's ruling on the motion to stay or its issuance of an indicative ruling on the motion. As discussed herein, this appeal has been rendered moot by the United States Supreme Court's decision in Smith v. Spizzirri, 601 U.S. 472 (2024). Plaintiff-appellant Diana Theodore ("Plaintiff") opposes this Motion.

## I. INTRODUCTION

On September 22, 2023, American Express filed a Motion to Compel Arbitration and Stay Action in the district court (the "Arbitration Motion"), ECF No. 18, pursuant to section 3 of the Federal Arbitration Act, 9 U.S.C. §§ 1–16 (the "FAA"). On April 4, 2024, the district court granted the Arbitration Motion but exercised its discretion to dismiss rather than stay the action under a then-existing Ninth Circuit "exception" to 9 U.S.C. § 3. (See Order Granting Motion to Compel Arbitration and Dismissing Case, ECF No. 45 (the "Order").) However, the district court noted that the validity of that exception was pending before the United States Supreme Court following the grant of certiorari in Forrest v. Spizzirri, 62 F.4th

-1-

1201 (9th Cir. 2023). The district court stated in the Order that, "[i]n the event the Supreme Court does away with the exception, *either party may move to modify this order for the limited purpose of seeking a stay in lieu of dismissal*." (Order, ECF No. 45, at 4:18–20 (emphasis added).) Thus, although Plaintiff filed a Notice of Appeal of the Order on April 29, 2024, the district court's Order indicates that the court intended to retain jurisdiction to modify the Order and stay the action depending on the outcome of the appeal in Forrest. (Order, ECF No. 45, at 4:18–20.)

On May 16, 2024, the United States Supreme Court decided Smith and reversed Forrest. In Smith, the Supreme Court expressly abrogated the Ninth Circuit's "exception" to § 3 and made clear that "[w]hen a district court finds that a lawsuit involves an arbitrable dispute, and a party requests a stay pending arbitration, § 3 of the FAA compels the court to stay the proceeding." Id. at 478. As a result of the decision in Smith, it is clear that this appeal may not proceed.

On July 17, 2024, following unsuccessful discussions with Plaintiff's counsel regarding Plaintiff's dismissal of this appeal in light of Smith, American Express moved in the district court to modify the Order and enter a stay pending completion of arbitration or, in the alternative, for an indicative ruling that the court would enter such a stay if this Court were to remand for such a purpose

pursuant to Federal Rules of Civil Procedure 60(b)(6) and 62.1. (See ECF No. 48 (the "Motion to Stay").)

Concurrently with the filing of this Motion, American Express is filing an administrative motion with the district court to expedite the hearing on the Motion to Stay. As of the date of this Motion, the administrative motion has not been acted upon by the district court. The Motion to Stay is currently set for hearing on November 7, 2024, which was the earliest date that was available when American Express filed the Motion to Stay.

The United States Supreme Court's decision in Smith unequivocally requires the district court to modify its Order to enter a stay in this action pending completion of arbitration, and the district court has already indicated that it will do so. At that point, this appeal will be moot, as it is well established that an order compelling arbitration and staying an action is not a final decision and is not immediately appealable.

Accordingly, American Express respectfully requests that the Court stay this appeal and remand to the district court for the purpose of ruling on the Motion to Stay, as authorized by Mendia v. Garcia, 874 F.3d 1118, 1121 (9th Cir. 2017). Alternatively, American Express requests that the Court stay this appeal pending the district court's ruling on the Motion to Stay or its issuance of an indicative ruling on the motion pursuant to Federal Rule of Civil Procedure 62.1(a).

35719323.v1

## II. BACKGROUND

American Express filed its Motion to Compel Arbitration and Stay Action on September 22, 2023. (ECF No. 18.) On April 4, 2024, the district court granted American Express's motion to compel arbitration but exercised its discretion to dismiss rather than stay the action under a then-existing Ninth Circuit "exception" to 9 U.S.C. § 3. (Order, ECF No. 45, at 4:12–20.) However, the Court noted that the validity of that exception was pending before the United States Supreme Court following the grant of certiorari in <u>Forrest</u> and authorized either party to move to modify the Order if the Supreme Court were to eliminate the exception:

> The Court notes that the Supreme Court granted the petition for certiorari in <u>Forrest v. Spizzirri</u>, 62 F.4th 1201, 1204–05 (9th Cir. 2023), a case in which the Ninth Circuit reiterated that it "long carved out an exception" to the requirement set forth in Section 3 of the Federal Arbitration Act mandating a stay of litigation pending arbitration: "[N]otwithstanding the language of [section three], a district court may either stay the action or dismiss it outright when, as here, the court determines that all of the claims raised in the action are subject to arbitration." <i>Id</i>. (modifications in original). ***In the event the Supreme Court does away with the exception, either party may move to modify this order for the limited purpose of seeking a stay in lieu of dismissal.***

(Order, ECF No. 45 at 4:12–20 (emphasis added).) Thus, although Plaintiff filed a Notice of Appeal of the Order on April 29, 2024 (ECF No. 46), the district court's Order indicates that the court intended to retain jurisdiction to modify the Order and stay the action depending on the outcome of the appeal in <u>Forrest</u>. (Order, ECF No. 45, at 4:18–20.)

On May 16, 2024, the United States Supreme Court reversed the decision in Forrest, resolving a circuit split over the "exception" to § 3 and making clear that, "[w]hen a district court finds that a lawsuit involves an arbitrable dispute, and a party requests a stay pending arbitration, § 3 of the FAA compels the court to stay the proceeding." Smith, 601 U.S. at 478.

On May 16, 2024—the same day that the Smith decision was issued—counsel for American Express emailed Plaintiff's counsel and asked counsel to confirm that, given the decision in Smith, "plaintiff will dismiss the appeal and request the court to modify its dismissal order to enter a stay." (Decl. of David W. Moon, ECF No. 48-1, ¶ 2 & Ex. A.) On May 31, 2024, counsel for the parties spoke at length concerning plaintiff's potential dismissal of the appeal and request for a stay. (Id. ¶ 3.) On June 21, 2024, counsel for American Express again emailed Plaintiff's counsel and requested that counsel "get back to us regarding plaintiff's dismissal of the appeal and conversion of the district court's dismissal order into a stay in light of the Smith decision." (Id. ¶ 4 & Ex. B.) On June 25, 2024, Plaintiff's counsel emailed counsel for American Express, stating, "Thanks for touching base. Plaintiffs' counsel are still considering all options and I don't have anything to report as of yet." (Id.) Plaintiff's counsel did not contact counsel for American Express again until after Plaintiff submitted her opening brief on July 9, 2024. (Id. ¶ 5.) On July 10, 2024, counsel for American Express emailed Plaintiff's counsel,

advising that American Express would seek the stay per the district court's Order and inquiring "whether [P]laintiff will join in the request to the district court to avoid unnecessary motion practice." (Id. ¶ 5 & Ex. C.) On July 11, 2024, Plaintiff's counsel advised that "[w]e would oppose that motion." (Id. ¶ 6 & Ex. D.)

### III. ARGUMENT

**A. The Court Should Stay This Appeal and Remand to the District Court for the Purpose of Ruling on the Motion to Stay Filed in the District Court, Which Will Render This Appeal Moot.**

Federal Rule of Civil Procedure 62.1 provides:

> If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may: (1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.

Fed. R. Civ. P. 62.1(a). Ordinarily, Rule 62.1 is read in conjunction with Federal Rule of Appellate Procedure 12.1, which authorizes the Court of Appeals to remand for a ruling on a motion if the district court states either "that it would grant the motion or that the motion raises a substantial issue." Fed. R. App. P. 12.1(b). However, this Court and other circuit courts "have been willing to construe district court actions as indicative rulings even when no [Rule] 62.1 motion . . . was filed." Mendia, 874 F.3d at 1121. In particular, courts hold that "a [Rule] 62.1 motion is not a prerequisite for a limited remand under [Federal Rule

-6-

of Appellate Procedure] 12.1(b) where the district court has already indicated it would grant a motion for the requested relief." Id. at 1122.

Here, American Express has moved in the district court to modify the Order and enter a stay in lieu of dismissal on two separate grounds. (See ECF No. 48 at 5.) First, American Express contends that the district court retained jurisdiction to modify the Order, and thus the Order is not final for purposes of appeal. (See Order, ECF No. 45, at 4:18–20.) Second, American Express contends that, if the Order is considered final, American Express is entitled to relief under Federal Rule of Civil Procedure 60(b)(6) based on a change in law, specifically the United States Supreme Court's decision in Smith, 601 U.S. 472. In the latter case, American Express has requested an indicative ruling on the Motion to Stay under Rule 62.1. (See ECF No. 48 at 7.)

In either case, however, the district court has indicated that it would grant the relief requested. The district court expressly stated in the Order that the validity of the "exception" to 9 U.S.C. § 3 was pending before the United States Supreme Court following the grant of certiorari in Forrest and that, "[i]n the event the Supreme Court does away with the exception [under FAA § 3], either party may move to modify this order for the limited purpose of seeking a stay in lieu of dismissal." (Order, ECF No. 45 at 4:12–20.) Given the extremely limited nature of the appeal in Forrest, which addressed only whether a court may properly dismiss

-7-

an action rather than stay it under 9 U.S.C. § 3, the district court's Order clearly indicates that the court will enter the stay requested by American Express. Accordingly, this Court may remand without any further indication from the district court under Rule 12.1. See Mendia, 874 F.3d at 1121.

As discussed above, the United States Supreme Court's decision in Smith unequivocally requires the district court to modify its Order to enter a stay in this action pending completion of arbitration, and the district court has already indicated that it will do so. At that point, this appeal will be moot, as it is well established that an order compelling arbitration and staying an action is not a final decision and is not immediately appealable. See Smith, 601 U.S. at 478.

Absent a stay, American Express will suffer substantial prejudice because American Express will incur the costs and delay of appellate proceedings that are barred by the FAA. Indeed, as explained in Smith, a primary purpose of the FAA was "to move the parties to an arbitrable dispute out of court and into arbitration as quickly and easily as possible" *by avoiding intervening appellate proceedings*. Smith, 601 U.S. at 478 (quoting Moses H. Cone Memorial Hospital v. Mercury Constr. Corp., 460 U.S. 1, 22 (1983)).

35719323.v1

-9-

**B.** **Alternatively, the Court Should Stay This Appeal Pending the District Court's Ruling on the Motion to Stay or Its Issuance of an Indicative Ruling on the Motion to Stay.**

Alternatively, if the Court determines that <u>Mendia</u> does not apply and that the district court should consider the Motion to Stay in the first instance, this Court should simply enter a stay in this appeal that will allow the district court to rule on the Motion to Stay or to issue an indicative ruling on the motion before the parties spend additional time and effort briefing this appeal, which (as discussed above) has plainly been rendered moot by the United States Supreme Court's decision in <u>Smith</u>.

///

///

///

## IV.   CONCLUSION

For the foregoing reasons, American Express requests that the Court stay this appeal and remand to the district court for the purpose of ruling on the motion to stay filed by American Express in the district court on July 17, 2024 (ECF No. 48), or, alternatively, stay this appeal pending the district court's ruling on the motion to stay or its issuance of an indicative ruling on the motion.

DATED: July 22, 2024

Respectfully submitted,

STEPTOE LLP
JULIA B. STRICKLAND
DAVID W. MOON


By: _____/s/ *Julia B. Strickland*_____
　　　　　Julia B. Strickland

Attorneys for Defendant-Appellee
AMERICAN EXPRESS NATIONAL BANK

## CERTIFICATE OF COMPLIANCE

1. This document complies with the length limit of Fed. R. App. P. 27(d)(2)(A) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 2,245 words.

2. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

Dated: July 22, 2024

By:    */s/ Julia B. Strickland*
       Julia B. Strickland
